## KORZEKWA v. SCHULTZ MERCANTILE CO. (No. 8006.)

Court of Civil Appeals of Texas. San Antonio.
May 16, 1928.

Rehearing Denied June 13, 1928.

**1. Pleading ⬅➡34(3)—Pleading assailed by general demurrer is given benefit of every reasonable intendment.**

Every reasonable intendment must be indulged in favor of pleading assailed through a general demurrer.

**2. Chattel mortgages ⬅➡229(2)—Petition alleging that plaintiff held chattel mortgage covering crops, that mortgagor paid proceeds of cotton to defendant, and that defendant converted them, held to support proof of conversion.**

Petition alleging that plaintiff had mortgage on land, and had chattel mortgage on half of crops raised on premises, and that mortgagor delivered cotton or proceeds thereof to defendant for the use and benefit of plaintiff, and that defendant converted the proceeds, *held*, as against general demurrer, sufficient to support proof as to conversion of money belonging to plaintiff.

Appeal from Karnes County Court; D. O. Klingeman, Judge.

Suit by Ben Korzekwa against the Schultz Mercantile Company. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Thos. B. Smiley, of Karnes City, for appellant.
Bell & Bell, of San Antonio, for appellee.

FLY, C. J. Appellant, as plaintiff in the lower court, sued appellee, a private corporation, for the conversion of $794.90 which appellee paid to one J. D. Baker for cotton raised on appellant's land, and on which appellee knew he had a chattel mortgage. The court sustained a general demurrer to the petition, and the cause was dismissed.

Appellant alleged that, on or about October 26, 1925, appellant and wife conveyed 95.53 acres of land in Wilson county to J. D. Baker, in consideration of $5,760, paid, and secured to be paid, by the assumption on Baker's part of a debt, secured by mortgage on the land, held by the San Antonio Joint Stock Land Bank, of San Antonio, in the sum of $2,700, and the execution of a promissory note to appellant for $3,060 due on or before six years after date, and bearing interest at the rate of 7 per cent. per annum. It was further alleged:

"It is understood and agreed and J. D. Baker here gives a chattel mortgage on one-half of all crops raised on said premises hereinafter conveyed to further secure the payment of above described notes."

That chattel mortgage was given on October 26, 1925, and included the crops to be raised on the land conveyed by appellant to Baker for at least six years, or until the note became due. The petition showed that Baker delivered to appellee the cotton raised by him on appellant's land, or the proceeds thereof, in the years 1926 and 1927. Baker was not made a party to the suit, and there is no clear allegation that the interest, to cover which the mortgage was given, had not been paid by Baker to the Joint Stock Land Bank and the balance of the proceeds paid to appellant. There is an allegation, however, in the petition to the effect that Baker did pay the proceeds of one-half of certain cotton to appellee, for the use and benefit of appellant, amounting to $344, to be delivered to appellant, and that appellee converted to its own use not only the $344, but as well $200 to which appellant was entitled under his chattel mortgage.

[1, 2] While the allegations in the petition are not as clear as all pleadings should be, still, in view of the rule that every reasonable intendment must be indulged in when a pleading is assailed through a general demurrer, we are of opinion that the petition would support proof as to conversion of money belonging to appellant.

The judgment will be reversed, and the cause remanded.